# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KELLEN CLARKE,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF ATASCADERO POLICE DEPARTMENT, et al.,<br><br>   Defendants. | Case No. CV 19-5112 -ODW (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court dismisses the action with prejudice for failure to prosecute and for failure to respond to court orders.

\* \* \*

1. This is a pro se civil rights action. Plaintiff alleges that several members of the Atascadero police department used excessive force against him during a 2018 arrest. (Complaint at 5-6.)

2. Magistrate Judge Wilner reviewed Plaintiff's complaint. 28 U.S.C. § 1915(e)(2). (Docket # 5.) Judge Wilner authorized service of the complaint on three individual officers (Virgil, Mobley, and Meyers). 28 U.S.C. § 1915(d).

1 | The action was dismissed with leave to amend against other parties. All
2 | "official capacity" claims were also dismissed.

3. Judge Wilner's screening order directed the U.S. Marshals Service to serve the complaint on the defendants on Plaintiff's behalf. However, the screening order informed Plaintiff that he might be required to provide the Marshals Service with more information about the named defendants if there was difficulty in effecting service.

4. That's what happened here. The Marshals Service filed process returns with the Court indicating that it was not able to serve any of the defendants. (Docket # 8-10.) The Atascadero police department reported that it never had an employee named Meyers. Moreover, the other two officers no longer work for the department; no forwarding address was available.

5. Judge Wilner informed Plaintiff of this in November 2019. (Docket # 11.) The order required Plaintiff to provided the Marshals Service with more information about the putative defendants so they could be identified, located and served with process.

6. Judge Wilner's order gave Plaintiff until December 2019 to respond. Plaintiff failed to file a timely response.

7. Judge Wilner then issued an order to show cause why the action should not be dismissed for failure to prosecute or to obey court orders. (Docket # 12.) The order (like the previous one) specifically informed Plaintiff that his action was subject to dismissal under Federal Rule of Civil Procedure 41. The order also cited the Ninth Circuit's recent opinion (Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019)) regarding dismissal of civil actions.

8. Again, Plaintiff failed to file a response. To date, Plaintiff has not filed anything in this Court since commencing the action. None of the defendants has been served with process.

* * *

9. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

10. Rule 41(b) authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so and has not notified the court of his intention not to file" that document. Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, 913 F.3d at 892.

11. A district court must consider a variety of factors before dismissing an action under Rule 41(b). They are: the public's interest in the expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic alternatives to dismissal. Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999).

* * *

12. In the present action, dismissal is appropriate. Plaintiff did not respond to any of the magistrate judge's orders directing Plaintiff to provide more information about his alleged tortfeasors so they could be served with process. Plaintiff's failure to respond to the Court's orders demonstrates that he has no interest in advancing the action on the merits of his claim.

13. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. Furthermore, because Plaintiff is a pro se litigant who has not abided by the Court's recent orders, no sanction short of

dismissal will be effective in moving this case forward.[1]  Omstead, 594 F.3d at 1084.  The Court finds that dismissal is appropriate under Rule 41(b).  Applied Underwriters, 913 F.3d at 892.

Accordingly, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: _February 5, 2020      _____
                               HON. OTIS D. WRIGHT II
                               UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Mr. Clarke failed to meaningfully participate in another civil action he filed regarding his recent detention.  Clarke v. Parkinson, CV 18-6452 ODW (MRW) (C.D. Cal.).  The Court entered summary judgment against Plaintiff; he neither responded to the defense motion nor appealed the adverse decision.